ATTORNEY GENERAL HENRY HAS ASKED ME TO RESPOND TO YOUR RECENT LETTER REGARDING MRS. BETH TUCKER. IN YOUR LETTER YOU ASK WHETHER THE DEPARTMENT OF HUMAN SERVICES MAY TERMINATE PAYMENT TO MRS. TUCKER FOR PROVIDING NTMC SERVICES BY VIRTUE OF THE FACT THAT MRS. TUCKER'S SISTER-IN-LAW, ELLA M. WARD, HAS NOW BECOME EMPLOYED AS A SOCIAL WORKER IN THE COAL COUNTY DHS OFFICE.
I HAVE SPOKEN WITH CHARLIE WATERS, GENERAL COUNSEL, DHS, AND HE HAS CONFIRMED THAT DHS DOES HAVE AN INTERNAL RELATIVE PROVIDER POLICY REGARDING EMPLOYMENT OF RELATIVES WITHIN THE SAME COUNTY. THE POLICY IS PROMULGATED PURSUANT TO ARTICLE XXV, SECTION 3 AND ARTICLE XXV, SECTION 4 OF THE OKLAHOMA CONSTITUTION. SECTION 3 CREATES THE OKLAHOMA PUBLIC WELFARE COMMISSION, AND 4 CREATES THE POSITION OF DIRECTOR OF PUBLIC WELFARE. THAT SECTION FURTHER PROVIDES:
 "THE COMMISSION SHALL FORMULATE THE POLICIES, AND ADOPT RULES AND REGULATIONS FOR THE EFFECTIVE ADMINISTRATION OF THE DUTIES OF THE DEPARTMENT. . . . (T)HE DIRECTOR SHALL HAVE THE POWER AND IT SHALL BE HIS DUTY TO EMPLOY PERSONNEL OF THE DEPARTMENT, PRESCRIBE MINIMUM STANDARDS OF QUALIFICATIONS FOR SUCH PERSONNEL AND CONDUCT EXAMINATIONS BEFORE EMPLOYMENT(.)"
THIS AUTHORITY GRANTED TO THE COMMISSION AND ITS DIRECTOR HAS BEEN UPHELD BY PREVIOUS ATTORNEY GENERAL OPINIONS. SEE A.G. OPIN. NO. 78-142, A COPY OF WHICH IS ENCLOSED. IT WOULD THUS APPEAR THAT TO THE EXTENT AGENCY POLICY PROHIBITS THE PAYMENT OF NTMC SERVICES TO AN INDIVIDUAL WHOSE RELATIVE IS A DHS EMPLOYEE IN THE SAME COUNTY, THE POLICY MAY BE ENFORCED.
I AM SORRY WE COULD NOT BE OF GREATER ASSISTANCE TO MRS. TUCKER. IT WOULD SEEM THAT HER BEST COURSE OF ACTION MIGHT BE DIRECT APPEAL TO THE COMMISSION AND/OR ITS DIRECTOR, IN ORDER TO ATTEMPT TO GET THE POLICY IN QUESTION REVISED.
(SUSAN BRIMER LOVING)